QUESTIONS:
1. Is it permissible to mention on printed material soliciting contributions for a testimonial affair conducted pursuant to s. 99.193, F.S., that the person in whose honor the affair is to be held is a candidate for office and to specifically identify the office for which he is a candidate if the person to be honored has not yet qualified as a candidate?
2. Is it permissible in soliciting contributions to a testimonial affair honoring a person who has not yet qualified as a candidate for the individual or group which is sponsoring the affair to mail printed material to lists of persons the sponsor has reason to believe may be interested in the honoree's candidacy?
3. Is it permissible for a candidate who has not yet qualified to solicit campaign contributions by mailing printed materials to friends and supporters as well as to persons who have expressed an interest in the campaign or who the candidate has reasonable cause to believe are interested in the campaign?
SUMMARY:
A testimonial affair conducted pursuant to s. 99.193, F.S., does not come within the purview of Ch. 73-128, Laws of Florida. The sponsor of such an affair may mention on printed material soliciting contributions to the affair that the honoree is a candidate for a particular office even though the honoree has not yet qualified for office and may mail such printed materials to lists of persons the sponsor has reason to believe may be interested in the honoree's candidacy.
A candidate who has not yet qualified for office may make expenditures for preparation and mailing of printed matter soliciting contributions to friends, supporters, and persons who have expressed an interest in the campaign or who the candidate has reasonable cause to believe are interested in the campaign. Such a candidate may not, however, make expenditures for the preparation and distribution of such material by means of "mass mailing."
AS TO QUESTIONS 1 AND 2:
Inasmuch as your first two questions are interrelated they will be discussed together. For the purpose of this opinion I have assumed that the testimonial affair about which you inquire is sponsored by a person other than the honoree. In considering similar questions in AGO 073-425, I observed that
". . . based on the separate statutory provisions applicable to the accountability of funds raised by a "testimonial affair" as opposed to the accountability of funds raised by a political committee per se, it appears that a group which is organized to hold a "testimonial affair" pursuant to Section 99.193, Florida Statutes, does not come within the purview of Chapter 73-128, Laws of Florida."
I also noted in AGO 073-425 that s. 99.193, F.S., does not impose any requirement relative to candidates qualifying for office as a condition precedent to the holding of a testimonial affair and concluded that the filing of qualification papers and payment of qualifying fees by the honoree are not conditions precedent to the printing of tickets and invitations for a testimonial affair under s. 99.193. By the same reasoning, neither the content nor the manner of distribution of printed matter soliciting contributions to a testimonial affair is regulated by Ch. 73-128, supra. Accordingly, inasmuch as s. 99.193 is silent on this subject, I am of the view that the sponsor of a testimonial affair may properly include on the tickets or invitations to the affair a statement that the honoree is a candidate for a particular office irrespective of whether the honoree has qualified for office. Similarly, such sponsor may properly mail tickets and invitations to lists of persons who the sponsor has reason to believe may be interested in the honoree's candidacy.
You should also note, as pointed out in AGO 073-425, that if the proceeds of a testimonial affair are distributed to a candidate in furtherance of his candidacy, the funds should be paid over to the campaign treasurer and deposited in the campaign depository, where they will become subject to the reporting requirements of Ch. 73-128, supra.
AS TO QUESTION 3:
Preliminary to a discussion of the question, it should be noted, as I observed in AGO 074-16, that:
"The Legislature did not prohibit a candidate from engaging in all activities in furtherance of his candidacy prior to his qualifying. A candidate can, for instance, solicit and receive contributions prior to his actually qualifying."
Thus, the answer to this question turns on whether the legislature has regulated the manner of soliciting contributions prior to a candidate's qualification for office, it being clear that contributions may be solicited and received prior to qualification.
My research has revealed no provisions of law which regulate per se the manner of solicitation of contributions prior to qualification. However, s. 106.15(1), F.S., provides, in pertinent part, that:
"(1) No . . . candidate . . . shall, prior to qualifying for office, directly or indirectly make any expenditure in furtherance of any candidacy for the following purposes: (a) Advertising on radio or television; (b) Advertising in newspapers, magazines, or periodicals; (c) Advertising on billboards, banners, or streamers; (d) Advertising on campaign literature or any other printing . . ..
The clear intent of the quoted provisions of s. 106.15(1) is to prohibit expenditures for "advertising" prior to qualification and, in particular, paragraph (d) of that section prohibits expenditures for advertising or "any other printing." Thus, the inquiry becomes: Does printed matter soliciting contributions constitute advertising within the meaning of s. 106.15(1)?
Chapter 73-128, supra, contains no definition of the term "advertisement." Although the matter is not entirely free from doubt, it is reasonable to assume that in using the term advertisement in s. 106.15(1), supra, the legislature intended that it be given the same meaning as the term "political advertisement," which is defined in s. 104.371, F.S., as
". . . an expression by any mass media, attracting public attention, whether radio, television, newspaper, magazine, periodical, direct mail, display or by means other than the spoken word in direct conversation which shall transmit any idea furthering the candidacy for public office of any person." (Emphasis supplied.)
There appears to be little, if any, doubt that printed matter which advises that a person is a candidate and solicits contributions in support of that candidacy constitutes the expression of an "idea furthering the candidacy." However, not all mailing comes within the scope of s. 104.371, F.S. — only such mailing as constitutes "an expression by any mass media." The term "mass media" is not defined in the election laws, but the following appears in Webster's Third New International Dictionary, at p. 1389:
"mass media: a medium of communication (as the newspapers, radio, motion pictures, television) that is designed to reach the mass of the people and that tends to set the standards, ideals and aims of the masses."
The essence of mass media communication is proselytism — an attempt to attract new followers by communicating an idea to the public at large or to classes of people within the public at large, irrespective of any preexisting interest of the persons to whom the communication is addressed. As used in s. 104.371, F.S., the term mass media obviously includes direct mailings of political advertisements in large numbers to people in a particular geographic area or to a particular class of people; and it would seem that this type of direct mailing would be a political advertisement within the purview of s. 104.371, regardless of whether the mailing was done directly by the candidate himself or indirectly through a direct-mailing company. Thus, any "mass mailing" to the public at large of printed materials soliciting contributions for a candidate who had not yet qualified would seem to come within the prohibition of s.106.15(1), supra.
However, as noted in AGO 074-16, a candidate who has not yet qualified is free to write to friends and supporters advising them of an intention to seek office and soliciting contributions. It is my view that such a candidate may also write such letters to persons who have expressed an interest in the candidate's campaign or who the candidate has reasonable cause to believe are in fact interested in his campaign. In writing to such persons, a candidate may make use of typewritten or otherwise reproduced "form letters," as such letters, even though "printed," would not come within the definition of the term political advertising because the mailing would not constitute "an expression by . . . mass media" if it was limited to the persons described above. However, it is suggested that, until such time as this question is clarified by the courts or the legislature, any doubts which may arise as to whether a proposed mailing constitutes advertising within the scope of s. 106.15(1), supra, should be resolved by deferring the mailing until such time as the candidate has qualified.
It should also be noted that all expenditures made by a candidate in soliciting contributions must be made through the campaign treasurer and must be reported. See ss. 106.021(4), 106.07(4)(h), and 106.11, F.S. Similarly, any contributions received must be deposited in the campaign depository and must be reported. See ss.106.05 and 106.07(4)(b), F.S.